Matter of 42/9 Residential LLC v New York City Envtl. Control Bd. (2018 NY Slip Op 07052)





Matter of 42/9 Residential LLC v New York City Envtl. Control Bd.


2018 NY Slip Op 07052


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Renwick, J.P., Richter, Kahn, Gesmer, Singh, JJ.


7418 100839/16

[*1]In re 42/9 Residential LLC, Petitioner,
v
New York City Environmental Control Board, Respondent.


Rose & Rose, New York (Todd Rose of counsel), for petitioner.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.



Determination of respondent, dated January 28, 2016, which found that petitioner landlord violated Administrative Code of City of NY §§ 28-210.3, 28-202.1, 28-301.1, and 28-204.4, and New York City Building Code § 907.2.8, and imposed an aggregate penalty of $52,100, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Nancy M. Bannon, J.], entered November 1, 2017), dismissed, without costs.
The determination is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). Petitioner's knowledge of tenants' undisputedly illegal occupancies established that petitioner "permit[ted]" the conversion of Group R-2 permanent residential units into Group R-1 transient occupancies (Administrative Code § 28-210.3). Although the notices of violations concerned only 3 of the 264 units in the building, the residential occupancy of the units at issue for periods shorter than 30 days triggered the fire safety requirements applicable to Group R-1 (see Building Code §§ 907.2.8.1, 907.5), including the requirement to install sprinklers (Building Code § 907.5[2]).
The penalty is not shockingly disproportionate to the offenses, in light of the seriousness of the offenses and petitioner's prior history of violations (see e.g. Matter of Konstas v Environmental Control Bd. of City of N.Y., 104 AD3d 689 [2d Dept 2013]). The constitutional prohibitions against excessive fines in the Eighth Amendment and the New York Constitution are inapplicable to the fines imposed in this case, which were solely remedial rather than punitive.
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK